**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GEORGE L. MILLER, Chapter 7 Trustee for Education Management Corporation, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> KKR & CO. INC., *et al.*, <br><br> Defendants. | Case No. 2:25-cv-00311-JS |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
<u>MOTION TO TRANSFER VENUE</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1
BACKGROUND .............................................................................................................................2
ARGUMENT ...................................................................................................................................4
    I.    The Action Should be Transferred to the District of Delaware. ..............................4
    II.    This Court Should Decide the Transfer Motion Without Ruling on Abstention. ..................................................................................................................9
CONCLUSION ................................................................................................................................10

i

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Al's Fam. Automotive* v. *Bennett*,
    No. 11-CV-6237, 2012 WL 246226 (E.D. Pa. Jan. 25, 2012) ................................................. 8

*In re Allegheny Health, Educ. & Research Corp.*,
    No. 98–BK-25773, 1999 WL 1033566 (Bankr. E.D. Pa. Nov. 10, 1999) ............................... 9

*Am. Littoral Soc.* v. *EPA*,
    943 F. Supp. 548 (E.D. Pa. 1996) ........................................................................................... 6

*Blanning* v. *Tisch*,
    378 F. Supp. 1058 (E.D. Pa. 1974) ......................................................................................... 8

*Brenner* v. *Consolidated Rail Corp.*,
    No. 09-CV-1574, 2009 WL 2710241 (E.D. Pa. Aug. 26, 2009) ............................................ 7

*Clark* v. *Chrysler Grp., LLC*,
    No. 10-CV-3030, 2010 WL 4486927 (E.D. Pa. Nov. 5, 2010) .............................................. 4

*Clear Glass Mobile Serv., Inc.* v. *Old Rep. Surety Co.*,
    No. H-17-2791, 2017 WL 10295924 (S.D. Tex. Dec. 11, 2017) ........................................... 9

*Colarusso* v. *Burger King Corp.*,
    35 B.R. 365 (Bankr. E.D. Pa. 1984) ...................................................................................... 9

*Fire Ground Techs., LLC* v. *Hometown Restoration, LLC*,
    No. 21-CV-19915, 2022 WL 1539065 (D.N.J. May 16, 2022) ............................................. 9

*George Junior Repub.* v. *Williams*,
    No. 07-CV-4537, 2008 WL 763304 (E.D. Pa. Mar. 19, 2008) ......................................... 9, 10

*Harrell* v. *Carrington Mortg. Servs., LLC*,
    No. 20-cv-2359, 2020 WL 3412546 (E.D. Pa. June 22, 2020) .............................................. 7

*Int'l Union of Op. Eng'rs Loc. 542* v. *Mallinckrodt ARD, Inc.*,
    No. 21-CV-114, 2021 WL 915722 (E.D. Pa. Mar. 10, 2021) ...................................... 3, 4, 10

*JTH Tax, LLC* v. *Karisma Page*,
    No. 24-CV-252, 2024 WL 4900019 (M.D. Pa. Nov. 26, 2024) ................................... 6, 7, 8, 9

*Jumara* v. *State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995) ..................................................................................................... 5

*Miller* v. *Nelson (In re The Art Inst. of Phila.)*,
   No. 20-AP-50627 (Bankr. D. Del. Dec. 10, 2024) ..........................................................2, 3, 7

*Piper Aircraft Co.* v. *Reyno*,
   454 U.S. 235 (1981)..................................................................................................................6

*Reese* v. *Global Tel\*link Corp.*,
   No. 15-CV-2197, 2016 WL 3059438 (E.D. Pa. May 31, 2016) (Sánchez, C.J.).......................8

*Shared Network Users Grp.* v. *WorldCom Techs., Inc.*,
   309 B.R. 446 (E.D. Pa. 2004) ...................................................................................................7

*Southampton Sports Zone, Inc.* v. *ProBatter Sports, LLC*,
   No. 03-CV-3185, 2003 WL 22358439 (E.D. Pa. Sept. 10, 2003) .............................................7

*In re The Art Inst. of Phila LLC*,
   No. 18-BK-11535 (Bankr. D. Del.) ...........................................................................................2

*Thomason Auto Grp., LLC* v. *China America Co-op. Automotive Inc.*,
   No. 08-CV-3365, 2009 WL 512195 (D.N.J. Feb. 27, 2009) .....................................................9

*Toth* v. *Bodyonics, Ltd.*,
   No. 06-CV-1617, 2007 WL 792172 (E.D. Pa. Mar. 15, 2007)..........................................4, 5, 6

*UHS of Del., Inc.* v. *U.S. Dep't of Labor*,
   No. 19-MC-168, 2020 WL 13850731 (E.D. Pa. Jan. 21, 2020) (Sánchez, C.J.) .......................7

*Waleski* v. *Montgomery*,
   No. 3:18-CV-1144, 2018 WL 6977710 (M.D. Pa. Dec. 10, 2018)............................................9

**Statutes**

28 U.S.C. § 1412.........................................................................................................................1, 3

**Other Authorities**

U.S. Courts, Federal Court Management Statistics, September 2024 (Sept. 30,
   2024), https://www.uscourts.gov/sites/default/files/2024-
   12/fcms_na_distprofile0930.2024.pdf ......................................................................................8

U.S. Tr. Prog., List of Chapter 7 Panel Trustees, https://www.justice.gov/ust/list-
   chapter-7-panel-trustees ............................................................................................................6

**PRELIMINARY STATEMENT**

This Action should be transferred to the United States District Court for the District of Delaware. Such a transfer would enable this case to be referred to the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). For years, that court has overseen the bankruptcy cases of Education Management Corporation ("EDMC") and dozens of its affiliates, as well as an adversary proceeding (the "Adversary Proceeding) in which the Trustee seeks to pursue claims that overlap with the ones he asserts here. In this case and that Adversary Proceeding alike, the Trustee alleges that EDMC's former directors supposedly sold the company's assets while supposedly spurning more attractive offers from other bidders.

Transfer here is warranted under 28 U.S.C. § 1412 because the interests of justice and convenience overwhelmingly favor that this Action proceed before the Bankruptcy Court, which in the Adversary Proceeding already has before it a "parallel case," as the Trustee himself acknowledged. According to the Trustee, the claims in the Adversary Proceeding already encompass the very same "sale-related allegations" that form the basis of his Complaint in this Action. It is clear why the Trustee brought this "parallel case" in Pennsylvania state court rather than in the Bankruptcy Court. Unhappy with certain rulings of the Bankruptcy Court in the Adversary Proceeding, including the dismissal of certain of his claims as time-barred—rulings that have meaningful application in this Action—the Trustee sought to try his hand in a new forum. But that type of forum shopping—and the resulting multiplied proceedings, duplicative efforts, waste of judicial resources, and risk for inconsistent judgments that come along with it—is exactly what transfer is designed to cure.

Defendants[1] respectfully submit that this Action should be transferred to the District of Delaware, along with the Trustee's pending motion for abstention and remand. That result appropriately allows the Bankruptcy Court—as the "home court" most familiar with the underlying facts and issues—to resolve whether this Action should proceed before it, or instead be returned to state court.

## BACKGROUND

Defendants refer to, and incorporate by reference herein, the Background section of their contemporaneously filed Memorandum of Law in Opposition to the Trustee's Motion for Mandatory Abstention and Remand, which describes the factual background of the EDMC bankruptcy cases, the Bankruptcy Court's pre-trial oversight of the Adversary Proceeding, and the allegations in the Complaint.

In brief, this Action arises from the bankruptcies of EDMC and its affiliates, which operated a number of for-profit colleges and universities, and filed Chapter 7 bankruptcy petitions on June 29, 2018. *See, e.g.*, *In re The Art Inst. of Phila LLC*, No. 18-BK-11535 (Bankr. D. Del.). The Action involves overlapping claims and issues with the Adversary Proceeding brought by the Trustee in the Bankruptcy Court in June 2020. Indeed, the Trustee has repeatedly represented to the Bankruptcy Court that the "existing claims" in the Adversary Proceeding encompass the "sale-related allegations"—the subject of the Complaint in this Action. *See, e.g.*, Joint Status Report at 2, ECF No. 161, *Miller* v. *Nelson (In re The Art Inst. of Phila.)*, No. 20-AP-50627 (Bankr. D. Del. Dec. 10, 2024); Joint Status Report at 2, ECF No. 163, *Miller* v. *Nelson (In re The Art Inst. of*

---

[1] The moving Defendants are KKR & Co. Inc., KKR Credit Advisors (US) LLC, KKR Financial Holdings III, LLC, KKR Strategic Capital Institutional Fund, Ltd., KKR-Milton Capital Partners L.P., KKR-PBPR Capital Partners L.P., KKR Debt Investors II (2006) (Ireland) L.P., KKR Lending Partners L.P., FS KKR Capital Corp., 8 Capital Partners L.P., BCBSM, Inc., Spruce Investors Limited, Kermit Cook, and Oregon Public Employees Retirement Fund.

2

*Phila.)*, No. 20-AP-50627 (Bankr. D. Del. Jan. 22, 2025).[2]  Those "sale-related allegations" challenge the process by which EDMC sold all or substantially all of its assets to the Dream Center Foundation in a transaction that closed more than seven years ago, in October 2017.  Compl. ¶¶ 2, 175.

The Bankruptcy Court has overseen the Adversary Proceeding for years and already has issued a 45-page opinion resolving the Adversary Proceeding defendants' motion to dismiss.  Of particular relevance here, the Bankruptcy Court dismissed as time-barred the Trustee's fiduciary duty claims against defendants who served as officers or directors before the applicable two- or three-year statute of limitations periods, and rejected the Trustee's argument—repeated in the Complaint here (*see* ¶¶ 203–22)—that the statutes of limitations should be tolled under the discovery rule or other equitable doctrines.  Mem. Op. at 23–26, ECF No. 87, *Miller* v. *Nelson (In re The Art Inst. of Phila.)*, No. 20-AP-50627 (Bankr. D. Del. Jan. 12, 2022) (attached as Exhibit E to Defendants' Opposition to the Trustee's Abstention Motion) ("*Miller* Op.").

Despite the pending Adversary Proceeding that the Trustee acknowledges is a "parallel case," ECF No. 19 at 8 n.5, the Trustee filed the Complaint in this Action in the Court of Common Pleas of Philadelphia County on December 20, 2024.  Defendants timely removed the Action to this Court on January 17, 2025.  ECF No. 1.  Thereafter, on January 28, 2025, the Trustee filed a Motion for Mandatory Abstention and Remand to State Court (the "Motion").  ECF No. 19.  Defendants opposed the Trustee's Motion on February 11, 2025, and contemporaneously filed this motion to transfer venue to the District of Delaware.  Defendants now respectfully submit that this

---

[2] These reports are also attached as Exhibits C and D to Defendants' Opposition to the Trustee's Abstention Motion, which is being filed at the same time as Defendants' Motion to Transfer.

Action should be transferred to that venue so that the Bankruptcy Court may resolve the Trustee's Motion.

## ARGUMENT

Under 28 U.S.C. § 1412, a "district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."[3] The interest of justice and convenience of the parties warrant transfer of this action to the United States District Court for the District of Delaware, so that it may then be referred to the Bankruptcy Court. Consistent with the practice in this Circuit and elsewhere, the Action should first be transferred so that the Bankruptcy Court—as the "home court"—may resolve the Motion.

**I.    The Action Should be Transferred to the District of Delaware.**

Both the interest of justice and the convenience of the parties favor transfer to the U.S. District Court for the District of Delaware, so that it may be referred to the Bankruptcy Court. In considering transfer, courts recognize that "[g]enerally, the district where the bankruptcy action is pending is the appropriate venue for all related proceedings." *Toth*, 2007 WL 792172, at *2 (citing 1 Collier on Bankruptcy § 4.02 (15th ed. rev. 2005)); *accord Clark* v. *Chrysler Grp., LLC*, No. 10-CV-3030, 2010 WL 4486927, at *5 (E.D. Pa. Nov. 5, 2010). This "home court preference" applies with particular force where, as here, "the court to which the case was removed has no interest in the proceedings but is the court to which the removal law required the case to be removed." *Local 542*, 2021 WL 915722, at *7.

Consistent with the basic presumption that the Bankruptcy Court is the appropriate venue, the relevant transfer criteria favor transfer here, particularly given the Bankruptcy Court's

---

[3] Because the Action is "related to" the EDMC bankruptcy cases, it is subject to transfer under 28 U.S.C. § 1412. *See Int'l Union of Op. Eng'rs Loc. 542* v. *Mallinckrodt ARD, Inc.*, No. 21-CV-114, 2021 WL 915722, at *7 (E.D. Pa. Mar. 10, 2021); *Toth* v. *Bodyonics, Ltd.*, No. 06-CV-1617, 2007 WL 792172, at *2 (E.D. Pa. Mar. 15, 2007) (same).

familiarity with the issues and the law; its years-long oversight of a pending, related litigation; and the convenience of litigating the overlapping claims and issues in the Complaint and the Adversary Proceeding in a single forum. Indeed, the Trustee can advance no meaningful argument that it would be more "convenient" or "just" to litigate what he has characterized as the same claims in two different forums. To the contrary, that result that would be wildly inefficient, engender duplicative motion practice and discovery efforts, and risk inconsistent results.

In considering transfer, courts in this Circuit typically consider the 12 factors set forth in *Jumara* v. *State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995):

> (1) plaintiff's choice of forum; (2) defendant's preference; (3) whether the underlying claim arose elsewhere; (4) relative physical and financial conditions of the parties; (5) convenience of witnesses; (6) location of books and records; (7) enforceability of any judgment obtained; (8) practical considerations making trial easy, expeditious or inexpensive; (9) administrative difficulty arising from court congestion; (10) local interest in controversy; (11) public policies in each forum; and (12) familiarity of trial court with applicable law.

*Toth*, 2007 WL 792172, at *2 (citing *Jumara*, 55 F.3d at 879–80). These "*Jumara* factors" often are divided into the "private interest" factors—encompassing the first six factors—and the "public interest" factors—encompassing the last six factors. Each of the "public interest" and "private interest" factors warrants transfer here.

***The "private interest" factors support transfer.*** The "private interest" factors support transfer to the venue in which a related, parallel litigation already is pending, and that has overseen the EDMC bankruptcy cases for more than six years. The Adversary Proceeding brought by the Trustee involves similar discovery and overlapping witnesses, and accordingly presents a considerably more convenient forum to litigate this Action. Indeed, the Complaint itself alleges wrongdoing by various former EDMC officers and directors who are *not* defendants in the Action, but who *are* defendants in the Adversary Proceeding. *See* Compl. ¶¶ 6, 8–9, 157, 184, 188, 193–94, 205, 215, 217, 221, 240. It makes little sense from a convenience, efficiency, or judicial

5

economy perspective to proceed with these parallel claims in two different fora, given the overlapping witnesses. Moreover, as discussed in the Complaint, the Trustee already has sought or obtained in the proceedings before the Bankruptcy Court an extraordinary amount of discovery that allegedly includes "more than sixty hard drives" with "33 million documents," Compl. ¶ 213, and "potentially a petabyte (1,000 terabytes) of electronic data" involving "virtually all [of] EDMC's . . . documents and computer servers," Compl. ¶ 204. Factors (2), (4), (5), and (6) thus each favor transfer.

The remaining private interest factors—the Trustee's choice of forum and whether the claims arose elsewhere—deserve little weight. *First*, the Trustee has not "chosen the home forum" for this dispute, *cf. Piper Aircraft Co.* v. *Reyno*, 454 U.S. 235, 255 (1981), but instead filed the Action in a forum other than where EDMC was headquartered or the Bankruptcy Cases are venued. In any event, because Defendants have removed, the case is no longer in the Trustee's chosen forum. *See also Am. Littoral Soc.* v. *EPA*, 943 F. Supp. 548, 551 (E.D. Pa. 1996) (recognizing that plaintiff's choice of forum is "not controlling or absolute"). *Second*, the Trustee's choice of forum should be discounted where, as here, it is easily inferred that the Trustee, in filing the Action outside of the Bankruptcy Court where he is prosecuting a "parallel" Adversary Proceeding, has engaged in forum shopping in an effort to evade the Bankruptcy Court's jurisdiction and prior rulings. *Third*, it presents no inconvenience for the Trustee to litigate in the Bankruptcy Court, where he previously filed related litigation, and where he serves as a member of the panel of Chapter 7 trustees for the District of Delaware.[4] Indeed, doing so would avoid the unnecessary "costs of litigating in two forums" by centralizing all related actions in Delaware. *See, e.g.*, *JTH*

---

[4] U.S. Tr. Prog., List of Chapter 7 Panel Trustees, https://www.justice.gov/ust/list-chapter-7-panel-trustees (last accessed Feb. 7, 2025).

*Tax*, 2024 WL 4900019, at *7.  *Fourth*, litigating this proceeding in Wilmington rather than Philadelphia would not inconvenience the parties or witnesses, or impede access to corporate books and records.  *See Toth*, 2007 WL 792172, at *3 (finding no unfair inconvenience due to proximity of Pennsylvania and New York).  *Finally*, with respect to whether the claims arose elsewhere, this venue has no unique connection to the Action.  EDMC's headquarters were not located in this District, and the Complaint's allegations do not otherwise establish that the Trustee's claims arose in this District.  *See, e.g.*, *Brenner* v. *Consol. Rail Corp.*, No. 09-CV-1574, 2009 WL 2710241, at *3 (E.D. Pa. Aug. 26, 2009) (finding factor neutral where claim arose in neither of the two relevant jurisdictions).

***The "public interest" factors support transfer.***  The public interest factors also weigh in favor of transfer.  While neither this Court nor the Philadelphia Court of Common Pleas has had any substantive involvement with the Action, the Bankruptcy Court has been adjudicating the bankruptcy case and related proceedings for years.  The Bankruptcy Court is familiar with the EDMC bankruptcy cases, and already has in the Adversary Proceeding grappled with similar fiduciary duty claims, including whether the types of claims the Trustee seeks to pursue in the Action are time-barred.  *See Miller* Op. at 23–26.

The "overwhelmingly significant" public interest in judicial economy (Factors 8 and 12) thus favors transfer to the Bankruptcy Court.  *See Shared Network Users Grp.* v. *WorldCom Techs., Inc.*, 309 B.R. 446, 452 (E.D. Pa. 2004) (recognizing interest in "the judicial economy to be achieved in having the entire controversy decided in one forum"); *see also UHS of Del., Inc.* v. *U.S. Dep't of Labor*, No. 19-MC-168, 2020 WL 13850731, at *1 n.1 (E.D. Pa. Jan. 21, 2020) (Sánchez, C.J.) ("Where, as here, there are two actions that raise identical issues, judicial economy favors transfer."); *Harrell* v. *Carrington Mortg. Servs., LLC*, No. 20-cv-2359, 2020 WL 3412546,

7

at *11–12 (E.D. Pa. June 22, 2020) (similar); *JTH Tax, LLC* v. *Karisma Page*, No. 24-CV-252, 2024 WL 4900019, at *12 (M.D. Pa. Nov. 26, 2024) (similar).

Indeed, the interests of judicial economy favor transfer even where, unlike here, "the convenience of parties and witnesses would favor a *denial* of a transfer motion." *Southampton Sports Zone, Inc.* v. *ProBatter Sports, LLC*, No. 03-CV-3185, 2003 WL 22358439, at *5 (E.D. Pa. Sept. 10, 2003); *see also Reese* v. *Global Tel\*link Corp.*, No. 15-CV-2197, 2016 WL 3059438, at *5 (E.D. Pa. May 31, 2016) (Sánchez, C.J.) ("Although certain of the transfer factors weigh in favor of a Pennsylvania venue, considerations of judicial economy and avoidance of duplicative litigation weigh more heavily in favor of transfer."); *see Blanning* v. *Tisch*, 378 F. Supp. 1058, 1061 (E.D. Pa. 1974).

The remaining public interest factors either favor transfer or are neutral. With respect to Factor (7), the District of Delaware may enter an enforceable judgment to the same extent as this Court.[5] With respect to Factor (9), there is no meaningful difference between the caseload of this Court and that of the District of Delaware.[6] *See Al's Fam. Auto.* v. *Bennett*, No. 11-CV-6237, 2012 WL 246226, at *2 (E.D. Pa. Jan. 25, 2012). With respect to Factors (10) and (11), there is no "local interest" or "public policy" considerations that favor this forum, given that EDMC was headquartered outside of this District, operated nationwide networks of colleges and universities, and elected to file for bankruptcy protection in the District of Delaware. *See JTH Tax*, 2024 WL

---

[5] Defendant Oregon Public Employees Retirement Fund ("OPERF") contends that it is immune from suit and from liability for the claims asserted by the Trustee under the Eleventh Amendment of the United States Constitution and other applicable law. OPERF intends to raise these immunities as defenses in the Bankruptcy Court, or in any other forum that adjudicates the Trustee's claims, once that forum has been designated. OPERF does not waive any such defenses by joining this Motion or by opposing remand to the Pennsylvania state court.

[6] *See* U.S. Courts, Federal Court Management Statistics, September 2024 (Sept. 30, 2024), https://www.uscourts.gov/sites/default/files/2024-12/fcms_na_distprofile0930.2024.pdf.

8

4900019, at *12 (finding this factor neutral where "controversy [was] not local to one particular venue").

The transfer analysis thus overwhelmingly favors transfer to the District of Delaware, consistent with the basic presumption—routinely applied by courts in this Circuit and elsewhere—that the bankruptcy court is the appropriate venue for litigation relating to the bankruptcy proceedings, even more so where, as here, declining transfer would result in parallel litigation in different fora. *See, e.g.*, *JTH Tax*, 2024 WL 4900019, at *10 (finding "consideration of the bankruptcy proceedings outweigh[ed]" court's familiarity with case and granting transfer); *Clear Glass Mobile Serv., Inc.* v. *Old Rep. Sur. Co.*, No. H-17-2791, 2017 WL 10295924, at *3 (S.D. Tex. Dec. 11, 2017) (transferring to bankruptcy court where case involved "same underlying factual dispute" as adversary proceeding).

## II. This Court Should Decide the Transfer Motion Without Ruling on Abstention.

Defendants respectfully submit that this Court should transfer this Action without deciding the Trustee's Motion seeking abstention in favor of a state-court forum. Permitting the Trustee's Motion to be resolved by the Bankruptcy Court ensures that the court most familiar with the bankruptcy cases and the underlying issues has an opportunity to resolve whether it should retain jurisdiction over the Action. That outcome is even more compelling here because the Bankruptcy Court already has before it a "parallel" Adversary Proceeding filed by the Trustee.

Transferring this Action without deciding the Motion also accords with the typical practice of courts in this Circuit to decide motions to transfer before addressing substantive motions—such as motions for remand or dismissal—so that such motions can be resolved by the "home court." *See Waleski* v. *Montgomery*, No. 3:18-CV-1144, 2018 WL 6977710, at *3 (M.D. Pa. Dec. 10,

9

2018), *report and recommendation adopted*, 2019 WL 123896 (M.D. Pa. Jan. 7, 2019).[7]  "This preference for transferring the case to the 'home court' to determine venue is rooted in the logical conclusion that the 'home court' is in the best position to evaluate the claims and determine whether remand is appropriate." *George Junior Repub.* v. *Williams*, No. 07-CV-4537, 2008 WL 763304, at *5 (E.D. Pa. Mar. 19, 2008) (quoting *Stamm* v. *Rapco Foam, Inc.*, 21 B.R. 715, 724 (Bankr. W.D. Pa. 1982)).  In contrast to this Court, which is "the court to which the removal law required the case to be removed," *Local 542*, 2021 WL 915722, at *7, the Bankruptcy Court has extensive familiarity with this dispute and the relationship of the Trustee's claims to the existing bankruptcy cases and Adversary Proceeding.  The Bankruptcy Court—the "home court" for this dispute—should decide where the Action should proceed on the merits.

## CONCLUSION

Defendants respectfully request that this Court grant the motion to transfer this action to the U.S. District Court for the District of Delaware.

---

[7] *See also, e.g.*, *Fire Ground Techs., LLC* v. *Hometown Restoration, LLC*, No. 21-CV-19915, 2022 WL 1539065, at *3 (D.N.J. May 16, 2022); *Thomason Auto Grp., LLC* v. *China Am. Co-op. Auto. Inc.*, No. 08-CV-3365, 2009 WL 512195, at *4 (D.N.J. Feb. 27, 2009); *George Junior Repub.* v. *Williams*, No. 07-CV-4537, 2008 WL 763304, at *5–6 (E.D. Pa. Mar. 19, 2008); *In re Allegheny Health, Educ. & Rsch. Corp.*, No. 98-BK-25773, 1999 WL 1033566, at *1 (Bankr. E.D. Pa. Nov. 10, 1999); *Colarusso* v. *Burger King Corp.*, 35 B.R. 365, 368 (Bankr. E.D. Pa. 1984).

Dated: February 11, 2025      **DECHERT LLP**

*/s/ Michael S. Doluisio*
Michael S. Doluisio (PA Bar ID 75060)
Christopher J. Merken (PA Bar ID 329814)
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: (215) 994-4000
Fax: (215) 994-2222
michael.doluisio@dechert.com
christopher.merken@dechert.com

-and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Andrew G. Gordon*
Brian S. Hermann*
Jeffrey J. Recher*
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3543
Fax: (212) 492-0543
agordon@paulweiss.com
bhermann@paulweiss.com
jrecher@paulweiss.com

* *Pro Hac Vice* application forthcoming

*Attorneys for KKR & Co. Inc., KKR Credit Advisors (US) LLC, KKR Financial Holdings III, LLC, KKR Strategic Capital Institutional Fund, Ltd., KKR-Milton Capital Partners L.P., KKR-PBPR Capital Partners L.P., KKR Debt Investors II (2006) (Ireland) L.P., KKR Lending Partners L.P., FS KKR Capital Corp., 8 Capital Partners L.P., BCBSM, Inc., Spruce Investors Limited, and Kermit Cook*

-and-

11

12

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ John C. Goodchild*

John C. Goodchild III (PA Bar ID 74856)
Matthew C. Ziegler (PA Bar ID 326334)
2222 Market Street
Philadelphia, PA 19103-3007
Tel: (215) 963-5000
Fax: (215) 963-5001
john.goodchild@morganlewis.com
matthew.ziegler@morganlewis.com

*Attorneys for Oregon Public Employees Retirement Fund*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 11, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, and served the same by first-class mail, postage prepaid, to:

US Income Strategy Fund
30 Hudson Yards
Suite 7500
New York, NY 10001

By: */s/ Michael S. Doluisio*
Michael S. Doluisio